In re SHAPIRO.

(District Court, M. D. Pennsylvania. July 1, 1907.)

No. 940.

BANKRUPTCY—TRUSTEE'S SALE—VACATING OF—INADEQUACY—UPSET BID.

Where a bankrupt's goods were appraised at $5,000 and realized $3,400 at a public sale by the trustee, an upset bid merely amounting to an advance of $400 was insufficient to warrant a vacation of the sale and an order directing a resale. While a sale may be set aside on the sole ground of inadequacy, it must be such as to be unconscionable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 370.]

In Bankruptcy. On exceptions to refusal of referee to set aside trustee's sale.

J. B. Colahan, 3d, for exceptions.
John R. Geyer, opposed.

ARCHBALD, District Judge. The stock of the bankrupt was appraised at $5,000, and was sold at a public sale by the trustee for $2,800. It is now asked that a resale be ordered, the creditors who make the request having agreed to bid at least $3,200. That a sale of this kind may be set aside upon the sole ground of inadequacy is sustained by Ballentyne v. Smith, 205 U. S. 285, 27 Sup. Ct. 527, 51 L. Ed. 803; but in order that this should be so, the difference between what the property has brought and its real value must be such as to be unconscionable. In the present instance, in addition to the amount bid by the purchaser, $300 worth of goods was awarded to the bankrupt out of those appraised, under his exemption claim, and $300 more was sold with leave of the referee at private sale; so that $3,400 has been realized in all out of a possible $5,000. This is not so much as perhaps it ought to be, but comes about as near to the appraisement as is usual. The advance which is offered, however, is inconsiderable —only $400—and is not enough to warrant the court in overturning what has been done after this interval. There is also a condition attached that the stock shall be the same as when it was inspected by the representative of creditors, which further detracts from it.

It is suggested that notice of the sale was not received by some of the creditors, and that the party who had been sent to attend it missed his train. But however this might help to induce the court to order a resale if properly substantiated, the controlling thing as the case stands is that the amount guarantied is too small to bother with. This

may favor the bankrupt, who is said to be the real purchaser—his brother having the name of it—at the expense of his creditors, who, also, as it seems, have other and older grievances against him; two previous failures and a fire standing to his credit. But, however this may be, they will have to get satisfaction some other way, the matter here not warranting further controversy.

The exceptions are overruled, and the action of the referee in approving the sale is affirmed.